UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALEX RAMOS** | **Civil Action No.  21-1284 (MCA) (MAH)** |
| **Plaintiff,** | |
| v. | **OPINION & ORDER** |
| **MERRIL M. MAIN, et al.,** | |
| **Defendants.** | |

Plaintiff is a civilly committed detainee at the Special Treatment Unit ("STU") in Avenel, New Jersey pursuant to New Jersey's Sexually Violent Predators Act ("NJSVPA"), N.J. Stat. §§ 30:4-27.24 to 30:4-27.38.  He is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985.  The Court has screened the Complaint pursuant to 28 U.S.C. § 1915A to determine whether this Court should dismiss it as frivolous or malicious, for failure to state a claim upon which the Court may grant relief, or because it seeks monetary relief from a defendant who is immune from suit, and concludes, with the following caveats, that dismissal of the entire Complaint is not warranted at this time.

## I.   FACTUAL BACKGROUND

The Court will construe the factual allegations of the Complaint as true for the purpose of this Opinion.  This case arises from state officials' alleged acts of verbal and sexual harassment of Plaintiff as well as alleged retaliation for Plaintiff's reporting of harassment.  (*See generally* Compl., ECF No. 1.)  Plaintiff names correctional officers Gallotta, Baird, and S. Cerone; social workers Samantha Ames and Sana Kamrin; Drs. Merrill M. Main, D. Stanzione, and J. Riley; and "John and Jane Does One Through Ten" as Defendants.

During the latter part of 2014 to the beginning of 2015, Plaintiff was confined at the Adult Diagnostic and Treatment Center in Avenel, New Jersey. (*Id.* at 8.) On several occasions during that period, Defendant Cerone opened the shower while Plaintiff was in it and made several inappropriate comments. (*Id.*) Around the same time, Defendant Cerone called Plaintiff into the unit bathroom and asked Plaintiff if he wanted to look at the officer's genitalia. (*Id.* at 9.) Shortly after these incidents, Plaintiff initiated an investigation through the Department of Corrections Ombudsman and Special Investigation Division. (*Id.*)

Following the initiation of the investigation, officials transferred Plaintiff to East Jersey State Prison. (*Id.* at 9–10.) Officials later transferred Plaintiff again to Northern State Prison, South Woods State Prison, and, following his sentence, the STU. (*Id.* at 9.)

On May 31, 2016, Defendant Cerone confronted Plaintiff in a hallway at the STU Annex and threatened to beat him up. (*See id.*) Plaintiff reported the incident on the J-Pay system and to the Special Investigation Division. (*Id.*)

In the latter part of 2017, Plaintiff observed Defendant Kamrin perform sexual acts on a resident of the STU. (*Id.* at 5.) On several unspecified dates during Plaintiff's treatment, Defendant Kamrin advanced on Plaintiff and offered to perform the same acts on him. (*Id.*) Plaintiff reported these events to the Special Investigation Division and described the events in a letter to the Treatment Ombudsman. (*Id.* at 5–6.)

On or around June 12, 2019, Defendant Gallotta touched Plaintiff's buttocks in a sexual manner. (*Id.* at 7.) Plaintiff reported this event to the Special Investigation Division and filed a grievance on the J-Pay system. (*Id.*)

In October of 2019, Plaintiff sustained an injury while in the recreation yard. (*Id.*) Defendant Baird refused to allow Plaintiff to go to the medical department. (*Id.*) As a result, Plaintiff filed a grievance against Defendant Baird on October 22, 2019. (*See id.*)

According to Plaintiff, Defendant Baird retaliated against him for the grievance by touching his buttocks in a sexual manner on several occasions during the next month while Defendant Baird was searching Plaintiff on his way to the recreation yard. (*Id.* at 8.) As he touched Plaintiff, Defendant Baird threatened Plaintiff by telling him to "Go to South," which referred to the lock-up unit and implied that Baird would lock up Plaintiff if he reported the incidents. (*Id.*)

At an unspecified date, Plaintiff observed Defendant Cook perform sexual acts on another resident. (*Id.* at 4.) Defendant Cook later called the same resident on the telephone, which Plaintiff answered. (*See id.*) When Plaintiff recognized her voice, Defendant Cook repeatedly told Plaintiff "don't say my name." (*Id.*) Plaintiff reported these events to the Special Investigation Division. (*Id.*)

Defendant Cook used her position as a therapist to retaliate against Plaintiff by changing his job assignment from dock worker to an inside job cleaning the unit, falsifying treatment records, and claiming Plaintiff's statements to other residents threatened her. (*Id.* at 5.) Defendant Cook also placed Plaintiff on Modified Activities Program ("MAP") and, eventually, tier MAP. (*Id.* at 5–7.)

On March 19, 2020, Defendants Ames and Dr. Riley called Plaintiff into a therapy room for an interview. (*Id.* at 6–7.) Ames and Dr. Riley had obtained the letter that Plaintiff wrote to the Treatment Ombudsman regarding Defendant Kamrin's conduct, and Ames held and read from it during the interview. (*Id.*)

Plaintiff alleges that Ames and Dr. Riley retaliated against him for filing grievances against other Defendants by improperly characterizing his behavior as "escalating."  (*Id.*)  According to Plaintiff, when he asked if his "escalating" behavior was in reference to the letter to the Treatment Ombudsman, Ames and Dr. Riley indicated that it was and told Plaintiff that he could be placed on MAP and moved to the South Unit, a restricted custody unit.  (*Id.*)

Plaintiff also alleges by inference that Ames and Dr. Riley further retaliated against him by placing Plaintiff on MAP.  (*Id.*)  For example, Plaintiff alleges that, approximately thirty minutes after the interview, a Department of Corrections Sergeant told Plaintiff that officials would move him to the South Unit and place him on MAP.  (*Id.*)  As a result, officials discontinued Plaintiff's therapy and reduced Plaintiff's phase of treatment from Phase Three to Phase Two.  (*Id.* at 12.)  Plaintiff also lost his job.  (*Id.*)

Defendants Drs. Main and Stanzione were legally responsible for the operation of the STU at all relevant times.  (*Id.* at 3.)  Plaintiff alleges that they were aware of, approved, condoned, and/or failed to act or train subordinates to prevent the acts of harassment and retaliation.  (*Id.*)

On January 22, 2021, Plaintiff filed the instant Complaint.  In it, Plaintiff raises claims of sexual harassment, retaliation, denial of sex offender treatment, slander, "false report," and conspiracy to interfere with civil rights.[1]

---

[1] Although the Complaint is unclear at times because it occasionally uses improper "group pleading," as set forth below, the Court does not construe the Complaint as asserting all claims against all Defendants.  Even if it did, the additional claims would fail for lack of personal involvement, *see* Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) ("To establish liability under § 1983, each individual defendant 'must have personal involvement in the alleged wrongdoing.'"), or lack of sufficient factual matter.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.   STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*.  *See* 28 U.S.C. § 1915(e)(2)(B).  District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See id.*  According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct."  *Iqbal*, 556 U.S. at 678.  Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.   ANALYSIS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, and state law. The Court liberally construes the Complaint as asserting: (1) First Amendment retaliation claims against Defendants Cook, Ames, Riley, Baird, Main, and Stanzione; (2) Fourteenth Amendment denial of sex offender treatment claims against  Defendants Cook, Ames, and Riley; (3) Fourteenth Amendment sexual harassment claims against Defendants Cerone, Kamrin, Gallotta, Baird, Main and Stanzione; (4) Fifth Amendment due process claims against all Defendants; (5) Fourteenth

Amendment equal protection claims against all Defendants; (6) state law claims for slander and defamation against Defendants Cook, Ames, and Riley, and state law harassment claims against Defendants Cerone and Kamrin; and (7) claims for conspiracy to violate Plaintiff's civil rights under subsections (2) and (3) of 42 U.S.C. § 1985 against all Defendants.

### A.  Persons Amenable to Suit Under Sections 1983 and 1985

As an initial matter, Plaintiff brings claims against the Defendants in their official and individual capacities.  (*See* ECF No. 1, at 11.)  As explained below, the Court will dismiss Plaintiff's § 1983 and § 1985 claims against the Defendants in their official capacities because they are not "persons" subject to liability within the meaning of the statutes.

Section 1983 imposes liability on "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution and laws." 42 U.S.C. § 1983 (emphasis added).  To be liable under Section 1983, therefore, a defendant must be a "person."  *See id.*  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Accordingly, a cause of action under Section 1983 "cannot be asserted against the state, its agencies, or its officials acting in their official capacities." *Landi v. Borough of Seaside Park*, No. 07-5319, 2009 WL 606141, at *6 (D.N.J. Mar. 9, 2009). Likewise, although neither the Supreme Court nor the Court of Appeals for the Third Circuit have ruled directly upon the issue, district courts in the Third Circuit have consistently held that neither States nor their officials acting in official capacities are "persons" within the meaning of Section 1985.  *Estate of Lagano v. Bergen County Prosecutor's Office*, 769 F.3d 850, 854 n.3 (3d Cir. 2014).

Here, all named Defendants are state officials.  (*See* ECF No. 1, at 2–9.)  The Court, therefore, will dismiss with prejudice Plaintiff's Sections 1983 and 1985 claims against the Defendants in their official capacities because they are not persons amenable to suit under either statute.

### B.  Section 1983 Claims

Having narrowed the scope of Plaintiff's claims and the relief available, the Court must now determine whether Plaintiff states a claim under § 1983.  "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).

### 1.  Retaliation Claims

The First Amendment enshrines the right of the people to petition the government for redress of grievances.  *See* U.S. Const. amend. I.  A claim of First Amendment retaliation requires that a plaintiff establish: (1) constitutionally protected conduct; (2) an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal connection between the exercise of constitutional rights and the adverse action.  *Mack v. Yost*, 427 F. App'x 70, 72 (3d Cir. 2011) (*per curiam*).  It is well-established that the First Amendment protects the act of filing grievances.  *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016).

### (i)  Defendants Cook, Ames, Dr. Riley, and Baird

The Court has reviewed Plaintiff's retaliation claims against Defendants Cook, Ames, Dr. Riley, and Baird and declines to dismiss them prior to a responsive pleading.  Accordingly, the Court will permit these retaliation claims to proceed past this initial screening.

**(ii) Defendants Drs. Main and Stanzione**

Plaintiff attempts to assert supervisory liability claims against Defendants Drs. Main and Stanzione based on retaliation. For the reasons below, Plaintiff's claims against Defendants Drs. Main and Stanzione fail.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1987). A plaintiff may establish supervisory liability under § 1983 by showing "liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation [or] personal liability based on the supervisor participating in the violation of [the p]laintiff's rights, directing others to violate [the p]laintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct." *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode*, 845 F.2d at 1207.

Claims that a supervisor failed to properly train or discipline his subordinates fall within the category of violations based upon policies, practices, or customs. *Doe*, 2015 WL 3448233, at *9. To prevail on a failure to train or discipline claim, a plaintiff must "show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents" and "circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." *Drake v. Andruczyk*, No. 08-4249, 2011 WL 1402158, at *6 (D.N.J. Apr. 13, 2011) (quoting *Montgomery v. De Simone*, 159 F.3d 120, 127 (3d Cir. 1998)).

Here, Plaintiff provides what is essentially a rote and formulaic recitation of the elements of a cause of action for supervisory liability based on knowledge and acquiescence as well as a failure to train or adopt policies to prevent retaliation. (*See* ECF No. 1, at 2–4.) Plaintiff pleads no facts that would support the contention that Drs. Main and Stanzione had contemporaneous knowledge of the offending acts of retaliation or that there was a pattern of retaliation sufficient to put Drs. Main and Stanzione on notice of their subordinates' retaliatory acts. (*See id.*) Nor does Plaintiff plead any facts for the Court to infer that Drs. Main and Stanzione's conduct communicated a message of approval to their subordinates. (*See id.*) Instead, Plaintiff merely asserts, without factual support, that Drs. Main and Stanzione failed to train subordinates or adopt policies that would have prevented the complained of conduct. (*See id.* at 2–4.) Plaintiff, therefore, fails to state a plausible claim for supervisory liability. *See Iqbal*, 556 U.S. at 678.

### 2. Denial of Sex Offender Treatment Claims

Plaintiff also presents a substantive due process claim under the Fourteenth Amendment for denial of his sex offender treatment against Defendants Cook, Dr. Riley, and Ames. The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. The substantive component of the Due Process Clause protects a civilly committed detainee's right to adequate medical care, including sex offender treatment. *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982); *see Leamer v. Fauver*, 288 F.3d 532, 544 (3d Cir. 2002) (stating that the right to treatment inherent in the NJSVPA "present[s] the type of liberty interest that is at the heart of procedural and substantive due process").

The Court has reviewed Plaintiff's denial of sex offender treatment claims against Defendants Cook, Dr. Riley, and Ames and concludes that dismissal is not warranted at this time. Accordingly, the Court will proceed these claims past initial screening.

### 3. Sexual Harassment Claims

Plaintiff also asserts sexual harassment claims against Defendants Gallotta, Baird, Kamrin and Cerone and supervisor liability claims against Drs. Main and Stanzione. (*See* ECF No. 1, at 2–4, 12.) The substantive component of the Due Process Clause of the Fourteenth Amendment also protects a detainee's right to "not be sexually assaulted by a state employee while in confinement." *E.D. v. Sharkey*, 928 F.3d 299, 307 (3d Cir. 2019). Sexual assault cannot serve a legitimate governmental objective, and, therefore, a detainee's allegations of sexual assault constitutes impermissible punishment and a violation of the detainee's right to personal bodily integrity under the Due Process Clause of the Fourteenth Amendment. *Id.* Verbal abuse or harassment, however, is not actionable under 42 U.S.C. § 1983. *See Matthews v. Norristown State Hosp.*, 528 F. App'x 115, 119 (3d Cir. 2013).

#### (i) Defendants Gallotta and Baird

The Court has reviewed Plaintiff's sexual assault claims against Defendanats Gallotta and Baird. The Court concludes that Plaintiff adequately states sexual assault claims against Defendants Gallotta and Baird sufficient to proceed past this screening stage.

#### (ii) Defendants Kamrin, Cerone, Main, and Stanzione

Plaintiff fails to state claims of sexual harassment against Defendants Kamrin and Cerone and claims of supervisor liability based on sexual harassment against Drs. Main and Stanzione. With respect to the sexual harassment claims against Defendants Kamrin and Cerone, Plaintiff

does not allege any physical contact with either of them, (*see id.* at 5, 8–9), and verbal abuse or harassment is not actionable under 42 U.S.C. § 1983. *Matthews*, 528 F. App'x at 119.[2]

Plaintiff also fails to state supervisor liability claims against Drs. Main and Stanzione based on sexual harassment. To the extent that Plaintiff's claims are based upon a failure to train theory, Plaintiff fails to identify any specific inadequacy in the training of Drs. Main and Stanzione's subordinates. *See Montgomery*, 159 F.3d at 127. In addition, Plaintiff has failed to allege with sufficient factual support any act or omission by Drs. Main and Stanzione that the Court could interpret as encouraging or condoning sexual harassment. *See id.* Likewise, to the extent that Plaintiff's claims are based on knowledge and acquiescence, Plaintiff fails to provide sufficient factual support of his allegations that Drs. Main and Stanzione had knowledge and approved of their subordinates' alleged acts of sexual harassment. *See Rode*, 845 F.2d at 1207.

Accordingly, the Court will permit Plaintiff's sexual harassment claims against Defendants Gallotta and Baird to proceed. The Court will dismiss without prejudice Plaintiff's sexual harassment claims against Defendants Kamrin and Cerone and Plaintiff's supervisor liability sexual harassment claims against Drs. Main and Stanzione.

---

[2] Moreover, the sexual harassment claims against Defendants Cerone and Kamrin appear to be time barred. The Third Circuit has repeatedly found that a state's statute of limitations for personal injury actions applies to all actions brought under § 1983. *See, e.g.*, *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 276 (3d Cir. 2004). Accordingly, New Jersey's two-year statute of limitations for personal injury actions governs Plaintiff's claim under Section 1983. *See* N.J. Stat. § 2A:14-2. As the acts that gave rise to Plaintiff's claim against Defendants Cerone and Kamrin occurred between 2014 and 2017, and Plaintiff filed the instant Complaint on January 22, 2021, the statute of limitations bars Plaintiff's claim absent unpled facts supporting application of statutory or equitable tolling.

### 4.  Fifth Amendment Claims

Plaintiff vaguely asserts Fifth Amendment claims against all Defendants.  (*See* ECF No. 1, at 13.)  It is a "fundamental principal of constitutional adjudication" that "[t]he limitations of the Fifth Amendment restrict only federal government action." *Nguyen v. U.S. Catholic Conference*, 719 F.2d 52, 54 (3d Cir. 1983).  As the Fifth Amendment is inapplicable to state actors, and Plaintiff brings claims against state officials only, Plaintiff's Fifth Amendment claims necessarily fail.  *See id.*  The Court, therefore, will dismiss Plaintiff's Fifth Amendment claims against all Defendants for failure to state a claim.

### 5.  Equal Protection Claims

Plaintiff also vaguely asserts equal protection claims against all Defendants.  (*See* ECF No. 1, at 12–13.)  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  To state a class-based equal protection claim, a plaintiff must allege that: (1) he is a member of a protected class; and (b) that the defendants treated him differently from similarly situated inmates.  *See id.*  Where the plaintiff does not claim membership in a protected class, he must state facts showing that: "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Here, Plaintiff fails to state a class-based equal protection claim because he does not allege that he is a member of a protected class.  (*See generally* ECF No. 1.)  Persons designated as sexually violent predators are not a protected class.  *See Grohs v. Fratalone*, No. 13-7870, 2015

WL 6122147, at *5 (D.N.J. Oct. 16, 2015).  Plaintiff also fails to state a non-class-based equal protection claim because he does not allege that Defendants treated him differently from others similarly situated or that there was no rational basis for the difference in treatment.  (*See generally* ECF No. 1.)  Accordingly, the Court will dismiss without prejudice Plaintiff's equal protection claims for failure to state a claim.

### C.  State Law Claims for Slander/Harassment/False Reports

The Court construes the Complaint as asserting that Defendants Cook, Ames, and Riley slandered Plaintiff (or defamed him through false reports) and that Defendants Kamrin and Cerone verbally harassed him.  Violations of state law, however, are insufficient to state a claim under § 1983.  *Kulwicki v. Dawson*, 969 F.2d 1454, 1468 (3d Cir. 1992); *see, e.g.*, *Brittingham v. Nunn*, No. 20-014, 2020 WL 2404776, at *4 (D. Del. May 12, 2020) (concluding that a pre-trial detainee's claims for slander, harassment, and false report were legally frivolous because such claims were not actionable under § 1983).

To be fair, although the Complaint indicates that the Plaintiff brings the claims pursuant to 42 U.S.C. § 1983, the Court liberally construes the Complaint as asserting state law claims pursuant to the Court's supplemental jurisdiction under 42 U.S.C. § 1367.  Nevertheless, as indicated below, the Complaint fails to state a claim for relief under state law.

To state a claim for slander or defamation, a plaintiff must allege "that defendant communicated a false statement about plaintiff to a third person that harms plaintiff's reputation in the eyes of the community or deters third persons from associated with the plaintiff."  *Russo v. Nagel*, 358 N.J. Super. 254, 262–63 (App. Div. 2003).  To be actionable, the false statement must be a false assertion of fact rather than simply an expression of the speaker's opinion.  *See Ward v. Zelikovsky*, 263 N.J. Super. 497, 513–14 (App. Div. 1993).

Plaintiff fails to state a claim for slander or defamation.  In support of his claim, Plaintiff alleges that Defendants Cook, Ames, and Riley placed Plaintiff's reporting of staff sexual harassment and misconduct in Plaintiff's treatment record and improperly claimed that Plaintiff's reporting constituted an "escalation" of Plaintiff's behavior.  (*See* ECF No. 1, at 11.)  Plaintiff also alleges that an unknown member of the staff called Plaintiff's godmother and falsely claimed that officials caught him "sexually acting out" causing emotional distress and humiliation to Plaintiff.  (*See id.*)  Plaintiff's allegations relating to his reporting of staff sexual harassment and misconduct do not constitute a false statement.  Plaintiff did report staff sexual harassment, and Defendants' characterization of Plaintiff's actions is an opinion, not a false assertion of fact.  *See Ward*, 263 N.J. Super. at 513–14.  Moreover, Plaintiff fails to allege that any of Defendants' conduct harmed Plaintiff's reputation in the eyes of the community or deterred third persons from associating with him.  (*See generally* ECF No. 1.)  Accordingly, Plaintiff fails to state a claim for slander or defamation, and the Court will dismiss these claims without prejudice.

Regarding Plaintiff's claim of harassment against Defendants Kamin and Cerone, New Jersey has not recognized a civil cause of action for verbal harassment.  *See Aly v. Garcia*, 333 N.J. Super. 195, 203 (App. Div. 2000).  Instead, when confronted with such a claim, New Jersey courts "consider [the] claim akin to one for the intentional infliction of emotional distress." *Id.* at 203–04.  To recover on a claim for intentional infliction of emotional distress, a plaintiff is required to show, among other things, that he has suffered emotional distress "so severe that no reasonable [person] could be expected to endure it." *Schillaci v. First Fidelity Bank*, 311 N.J. Super. 396, 406 (App. Div. 1998).  "Severe emotional distress refers to any type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." *Aly*, 333 N.J. Super. at 204.  "It is not enough to establish that a party is acutely upset by

reason of the incident.   To be actionable, the claimed emotional distress must be sufficiently substantial to result in physical illness or serious psychological sequelae." *Id.*

Here, Plaintiff fails to adequately allege substantial emotional distress.  He does not allege that his emotional distress resulted in physical illness or that a professional diagnosed him with a mental condition.  (*See generally* ECF No. 1.)  Accordingly, Plaintiff fails to state a claim for intentional infliction of emotional distress, and the Court will dismiss without prejudice Plaintiff's verbal harassment claims against Defendants Kamrin and Cerone.

### D.  Conspiracy to Interfere with Civil Rights Claim

Finally, as to Plaintiff's 42 U.S.C. § 1985 claim, the Court assumes at the outset that the Plaintiff alleges that Defendants' conduct violated Section 1985(2) or 1985(3).[3]  Although Plaintiff does not specify which subsection from which he basis his claims, Sections 1985(1) clearly does not pertain to the present case.  Section 1985(1) prohibits "two or more persons" from interfering with a federal officer's performance of his duties, 42 U.S.C. § 1985(1), and Plaintiff is not a federal

---

[3] To the extent that the Court could construe the Complaint as also asserting a common law or Section 1983 conspiracy, Plaintiff fails to provide a "factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 185 (3d Cir. 2009).  "A general allegation of conspiracy without a statement of the facts is an allegation of a legal conclusion and insufficient of itself to constitute a cause of action." *Loftus v. S.E. Pa. Transp. Auth.*, 843 F. Supp. 981, 986 n.8 (E.D. Pa. 1994).  "[O]nly allegations which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and actions taken in furtherance of the conspiracy, will be deemed sufficient." *Grigsby v. Kane*, 250 F. Supp. 2d 453, 458 (M.D. Pa. 2003) (holding that plaintiff must allege the period, object, and acts taken in furtherance of a conspiracy to defeat a motion to dismiss).  Although Plaintiff broadly alleges that Defendants "acted in concert" and "with real agreement" to violate his constitutional rights, the Complaint does not contain any factual support for those assertions. (*See* ECF No. 1, at 11-12.)  For example, it does not articulate how, where, or when the Defendants entered into their alleged agreement, and only broadly speculates as to why they may have cooperated.  (*See id.*)  Accordingly, the Complaint fails to state a common law or Section 1983 conspiracy.  *See, e.g.*, *Gross-Quatrone v. Mizdol*, 811 F. App'x 95, 100 (3d Cir. 2020).

officer.  Additionally, for the reasons below, the Court will dismiss without prejudice Plaintiff's Section 1985(2) and 1985(3) claims against all Defendants.

Section 1985(2) contains several distinct clauses, each creating a distinct cause of action. The second clause creates a cause of action "if two or more persons conspire for the purpose of impending, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws."  42 U.S.C. § 1985(2).  Section 1985(3) permits a party to bring an action for injuries incurred by a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protections of the laws, or of equal privileges and immunities under the laws."  § 1985(3).

The Supreme Court has interpreted both the second clause of § 1985(2) and § 1985(3) similarly, finding that each contains language "requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protections of the laws." *Kush v. Rutledge*, 460 U.S. 719, 725 (1983).  It is well-settled that "intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise, class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 726.

Here, Plaintiff fails to state a cause of action for conspiracy under either § 1985(2) or § 1985(3).   The Complaint fails to allege any racial or class-based discriminatory animus on behalf of Defendants.  (*See generally* ECF No. 1.)  The Court, therefore, will dismiss without prejudice Plaintiff's conspiracy claims under § 1985 against all Defendants.[4]

---

[4] To the extent Plaintiff can provide facts curing the pleading deficiencies noted above, he may do so by filing an amended complaint consistent with Fed. R. Civ. P. 15.

**IT IS, THEREFORE**, on this 22nd day of September, 2021,

**ORDERED** that Plaintiff's Sections 1983 and 1985 claims against the Defendants in their official capacities are dismissed **WITH PREJUDICE**; and it is further

**ORDERED** that the following claims are dismissed **WITHOUT PREJUDICE**:

1. Plaintiff's retaliation claims against Defendants Main and Stanzione;

2. Plaintiff's sexual harassment claims against Defendants Kamrin, Cerone, Main, and Stanzione;

3. Plaintiff's Fifth Amendment claims against all Defendants;

4. Plaintiff's Equal Protection Claims against all Defendants;

5. Plaintiff's state-law slander/false report claims against Defendants Cook, Ames, and Dr. Riley;

6. Plaintiff's state-law harrassment claims against Defendants Kamrin and Cerone; and

7. Plaintiff's conspiracy claims against all Defendants; and it is further

**ORDERED** that, except to the extent Plaintiff's claims against the Defendants in their official capacities seek non-injunctive relief, the following claims shall **PROCEED** at this time:

1. Plaintiff's retaliation claims against Defendants Cook, Ames, Dr. Riley, and Baird;

2. Plaintiff's denial of sex offender treatment claims against Defendants Cook, Ames, and Dr. Riley; and

3. Plaintiff's sexual harassment claims against Defendants Gallotta and Baird; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing Unites States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States;[5] and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service;[6] and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order and the accompanying Opinion to Plaintiff at the address on file.

_____
HON. MADELINE COX ARLEO
United States District Judge

---

[5] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[6] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.